# United States District Court
## Southern District of Ohio at Columbus

| | |
|---|---|
| UNITED STATES OF AMERICA<br>v.<br>**JASON SIMCOX** | **JUDGMENT IN A CRIMINAL CASE**<br><br>Case Number:  **2:11-CR-298**<br><br>USM Number:  70011-061<br><br>TERRY SHERMAN<br>Defendant's Attorney |

**THE DEFENDANT:**

[✔]  pleaded guilty to count(s): <u>One of the Information</u> .
[ ]  pleaded nolo contendere to counts(s) ___ which was accepted by the court.
[ ]  was found guilty on count(s) ___ after a plea of not guilty.

The defendant is adjudicated guilty of these offense(s):

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18:1957 | Engaging in a Monetary Transaction Affecting a Financial Institution in Criminally Derived Property | 12/27/06 | One |

The defendant is sentenced as provided in pages 2 through <u>12</u> of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

[ ]  The defendant has been found not guilty on counts(s)  ___.

[ ]  Count(s) ___ (is)(are) dismissed on the motion of the United States.

IT IS ORDERED that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and the United States Attorney of material changes in the defendant's economic circumstances.

January 9, 2013
Date of Imposition of Judgment

*s/George C. Smith*
Signature of Judicial Officer

**GEORGE C. SMITH**, United States Senior District Judge
Name & Title of Judicial Officer

January 16, 2013
Date

CASE NUMBER: 2:11-CR-298        Judgment - Page 2 of 12
DEFENDANT: JASON SIMCOX

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of  12 months and a day .

[ ]      The court makes the following recommendations to the Bureau of Prisons:

[ ]      The defendant is remanded to the custody of the United States Marshal.

[ ]      The defendant shall surrender to the United States Marshal for this district.
       [ ] at ___ on ___.
       [ ] as notified by the United States Marshal.

[✔]      The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
       [ ] before 2:00 p.m. on _.
       [✔] as notified by the United States Marshal but no sooner than
       [ ] as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____ at _____ , with a certified copy of this judgment.

UNITED STATES MARSHAL

By _____
Deputy U.S. Marshal

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of 3 years.

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the Court.

- [✔] The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)
- [✔] The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable.)
- [✔] The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)
- [ ] The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)
- [ ] The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

# STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without permission of the court or probation officer;
2) the defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependants and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

## **SPECIAL CONDITIONS:**

1. The Defendant shall not work in a fiduciary position.

2. The Defendant shall provide financial information to the Probation Office as directed.

3. The Defendant shall not open any new lines of credit without first receiving permission from the Probation Office.

4. The Defendant shall complete 50 hours of community service.

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the Schedule of Payments on Sheet 6.

| | Assessment | Fine | Restitution |
|---|---|---|---|
| Totals: | $ 100.00 | $ | $ 6,115,965.36 |

[ ] The determination of restitution is deferred until _. An amended Judgment in a Criminal Case (AO 245C) will be entered after such determination.

[✔] The defendant must make restitution (including community restitution) to the following payees in the amounts listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment unless specified otherwise in the priority order of percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

## SEE PAGES 6-12 FOR ALL VICTIMS

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994 but before April 23, 1996.

Name of Payee
Mortgagee and Loan No. | Property Address | Loss
---|---|---
Aurora Loan Services<br>10350 Park Meadows Dr.<br>Littleton, Colorado 80124<br>(0033243288) | 18444 West Paseo Way<br>Goodyear, Arizona | $49,258.74
Aurora Loan Services<br>10350 Park Meadows Dr.<br>Littleton, Colorado 80124<br>(0039369400) | 18138 West Las Cruces Dr.<br>Goodyear, Arizona | $260,000.00
Aurora Loan Services<br>10350 Park Meadows Dr.<br>Littleton, Colorado 80124<br>(0045326972) | 10171 South 184th Dr.<br>Goodyear, Arizona | $100,000.00
Aurora Loan Services<br>10350 Park Meadows Dr.<br>Littleton, Colorado 80124<br>(0045975737) | 18113 West Wind Song Ave.<br>Goodyear, Arizona | $112,161.00
Bank of America<br>475 Crosspoint Pkwy.<br>Getziville, New York 14068<br>(First Franklin Financial Corp 4001024402) | 18110 West Las Cruces Drive<br>Goodyear, Arizona | $116,000.00
Bank of America<br>AZ 1-200-20-35<br>P.O. Box 29961<br>Phoenix, Arizona 85038<br>(23208299) | 17982 West Ocotillo Ave.<br>Goodyear, Arizona | $208,665.00
Bank of America<br>AZ 1-200-20-35<br>P.O. Box 29961<br>Phoenix, Arizona 85038<br>(76175983 and 76175991) | 3813 East Patrick Lane<br>Phoenix, Arizona | $260,959.50
Bayview Loan Servicing, LLC<br>4425 Ponce de Leon Blvd.<br>Coral Gables, Florida 33146<br>(345504 and 345505) | 11282 South Hopi Dr.<br>Goodyear, Arizona | $155,000.00
Capital One<br>15000 Capital One Dr.<br>Richmond, Virginia 23238-1119<br>(No loan number, borrower was Cameron Green) | 40205 North Lytham Way<br>Anthem, Arizona | $140,000.00
Citi Bank, NA | 10419 East Helm Dr. | $89,900.00

 * Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994 but before April 23, 1996.

| Payee | Property | Amount |
|---|---|---|
| Trustee for Merrill Lynch Mortgage Investors Trust Mortgage Loan Asset-Backed Certificates, Series 2007-HE2 c/o Litton Loan Servicing 4828 Loop Central Dr. Houston, Texas 77081 (17367574) | Scottsdale, Arizona | |
| Citi Mortgage, Inc. 1111 Northpoint Dr. Building 4, Ste. 100 Coppell, Texas 75019 (0770824589) | 41919 North Spyglass Dr. Anthem, Arizona | $307,200.00 |
| Citi Mortgage, Inc. 1111 Northpoint Dr. Building 4, Ste. 100 Coppell, Texas 75019 (0771485072) | 17530 West Wind Song Ave. Goodyear, Arizona | $62,845.00 |
| Credit Suisse Financial Corp. Credit Suisse Securities, LLC One Madison Avenue New York, New York 10010-3629 Attn: Pamela Fleming (700476644) | 41602 North River Bend Rd. Anthem, Arizona | $179,800.00 |
| Credit Suisse Financial Corp. Credit Suisse Securities, LLC One Madison Avenue New York, New York 10010-3629 Attn: Pamela Fleming (700538014) | 9316 South 178th Ave. Goodyear, Arizona | $245,000.00 |
| Duetsche Bank National Trust Co. Trustee for First Franklin Mortgage Loan Trust 2006-FF16, Asset-Backed Certificates, Series 2006-FF16 150 Allegheny Center Mall Pittsburgh, Pennsylvania 15212 (1044769077) | 18110 West Las Cruces Dr. Goodyear, Arizona | $79,140.12 |
| Federal Deposit Insurance, Corp. Legal Division, Claims and Litigation 40 Pacifica Dr. Irvine, California 92618 (5300029442 and 5300029445) | 41907 North Moss Springs Rd. Anthem, Arizona | $375,000.00 |

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994 but before April 23, 1996.

| | | |
|---|---|---|
| First Magnus Liquidating Trust<br>c/o MCA Financial Group<br>4909 North 44th Street<br>Phoenix, Arizona 85018<br>(8957163707) | 18241 West Paseo Way<br>Goodyear, Arizona | $154,999.00 |
| First Magnus Liquidating Trust<br>c/o MCA Financial Group<br>4909 North 44th Street<br>Phoenix, Arizona 85018<br>(2841046386) | 18232 West Estes Way<br>Goodyear, Arizona | $210,000.00 |
| First NLC Financial<br>Services, LLC<br>700 West Hillsboro Blvd.<br>B-1, #204<br>Deerfield Beach, Florida 33441<br>(No loan number, borrower was Cameron Green) | 17530 West Wind Song Ave.<br>Goodyear, Arizona | $60,400.00 |
| GMAC Mortgage, LLC<br>8400 Normandale Lake Blvd.<br>Suite 350<br>Bloomington, Minnesota 55437<br>(7471737429) | 41808 North Emerald Lake Dr.<br>Anthem, Arizona | $204,000.00 |
| Hindsale Bank and Trust<br>25 East First Street<br>Hindsale, Illinois 60521<br>(No loan number, borrower was Cynthia Kennedy) | 5322 West Pontiac Dr.<br>Glendale, Arizona | $183,000.00 |
| Homevest Capital, LLC<br>6701 Carmel Road<br>Suite 110<br>Charlotte, North Carolina 28226<br>(30806980) | 41919 North Spyglass Dr.<br>Anthem, Arizona | $193,800.00 |
| HSBC Bank USA<br>National Association as<br>Trustee of JP Morgan<br>Alternative Loan Trust<br>2007-A1, Mortgage<br>Pass-Through Certificates<br>Without Recourse<br>3415 Vision Dr.<br>Columbus, Ohio 43219<br>(1927243024) | 40205 North Lytham Way<br>Anthem, Arizona | $220,408.00 |
| Litton Loan Servicing<br>4828 Loop Central Dr.<br>Houston, Texas 77081<br>(17367582) | 10419 East Helm Dr.<br>Scottsdale, Arizona | $139,000.00 |
| MetLife Home Loans | 18377 West Sunrise Dr. | $169,650.00 |

\* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994 but before April 23, 1996.

| | | |
|---|---|---|
| 4000 Horizon Way<br>Suite 100<br>Irving, Texas 75063<br>(0059025551 and 0059025809) | Goodyear, Arizona | |
| MILA, Inc., dba Mortgage Investment Lending Associates, Inc.<br>6021 244th Street, SW<br>Mountlake Terrace, Washington 98043<br>(No loan number, borrower was Cameron Green) | 10624 East Conieson Rd.<br>Scottsdale, Arizona | $123,000.00 |
| New Century Liquidating Trust<br>575 Anton Blvd., Ste. 300<br>Costa Mesa, California 92626<br>(1010449623) | 21414 West Mule Deer Way<br>Buckeye, Arizona | $158,000.00 |
| New Century Liquidating Trust<br>575 Anton Blvd., Ste. 300<br>Costa Mesa, California 92626<br>(1011990526) | 18437 West Capistrano Ave.<br>Goodyear, Arizona | $80,000.00 |
| One West Bank<br>c/o Allen Matkins Leck<br>Gamble Mallory and Natsis, LLP<br>515 South Figueroa, 9th Floor<br>Los Angeles, California 90071-3309<br>(124491830 and 124491926) | 41610 North Vent Creek St.<br>Phoenix, Arizona | $293,000.00 |
| One West Bank<br>c/o Allen Matkins Leck<br>Gamble Mallory and Natsis, LLP<br>515 South Figueroa, 9th Floor<br>Los Angeles, California 90071-3309<br>(124491830) | 10624 East Conieson Rd.<br>Scottsdale, Arizona | $57,000.00 |
| One West Bank<br>c/o Allen Matkins Leck<br>Gamble Mallory and Natsis, LLP<br>515 South Figueroa, 9th Floor<br>Los Angeles, California 90071-3309<br>(126001395 and 126001396) | 18191 West La Mirada Dr.<br>Goodyear, Arizona | $153,000.00 |
| PNC Bank<br>4100 West 150th Street<br>Cleveland, Ohio 44135<br>(5456266) | 18113 West Wind Song Ave.<br>Goodyear, Arizona | $85,479.00 |
| ResMAE Mortgage Corp.<br>6 Pointe Drive<br>Brea, California 92821<br>(No loan number, borrower was Cameron Green) | 17982 West Ocotillo Ave.<br>Goodyear, Arizona | $144,000.00 |

 * Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994 but before April 23, 1996.

AO 245B (Rev. 09/08) Sheet 5 - Criminal Monetary Penalties

| CASE NUMBER: | 2:11-CR-298 | Judgment - Page 10 of 12 |
| DEFENDANT: | JASON SIMCOX | |

| | | |
|---|---|---|
| U.S. Bank Association<br>Trustee for C-BASS Mortgage<br>Loan Asset-Backed Certificates<br>Series 2007-CB6<br>c/o Litton Loan Servicing<br>4828 Loop Central Drive<br>Houston, Texas 77081<br>(30276109) | 21414 West Mule Deer Way<br>Buckeye, Arizona | $138,250.00 |
| U.S. Bank Association<br>Trustee for C-BASS Mortgage<br>Loan Asset-Backed Certificates<br>Series 2007-CB6<br>c/o Litton Loan Servicing<br>4828 Loop Central Drive<br>Houston, Texas 77081<br>(No loan number, borrower was Cameron Green) | 17461 W. Wandering Creek Rd.<br>Goodyear, Arizona | $260,000.00 |
| U.S. Bank Association<br>Trustee for C-BASS Mortgage<br>Loan Asset-Backed Certificates<br>Series 2007-CB6<br>c/o Litton Loan Servicing<br>4828 Loop Central Drive<br>Houston, Texas 77081<br>(0010205649) | 41602 North River Bend Rd.<br>Anthem, Arizona | $239,700.00 |
| Wells Fargo Bank, NA<br>Trustee on Behalf of<br>Certificate Holders, Master<br>Asset-Backed Securities<br>Trust, 2007-NCW Mortgage<br>Pass-Through Certificates,<br>Series 2007-NCW<br>Bank of America, AZ1-200-20-35<br>P.O. Box 29961<br>Phoenix, Arizona 85038<br>(Reference # P052411000025) | 18437 West Capistrano Ave.<br>Goodyear, Arizona | $108,350 |
| TOTALS: | $6,115,965.36 | $6,115,965.36 |

[ ] Restitution amount ordered pursuant to plea agreement **$**____

[] The defendant must pay interest on restitution and a fine of more than $2500, unless the restitution or fine is paid in full before the fifteenth day after the date of judgment, pursuant to 18 U.S.C. §3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. §3612(g).

\* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994 but before April 23, 1996.

[✔] The court determined that the defendant does not have the ability to pay interest and it is ordered that:

   [✔] The interest requirement is waived for the   [] fine   [✔] restitution.

   [ ] The interest requirement for the   [] fine   [] restitution is modified as follows:

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

A  [x]  Lump sum payment of $ $ 6,116,065.36 due immediately, balance due

   [] not later than   or
   [x] in accordance with   [] C,   [] D,   [] E, or   [x] F below; or

B  []  Payment to begin immediately (may be combined with   [] C   [] D, or   [] F below); or

C  []  Payment in equal installments of $ over a period of , to commence days after the date of this judgment; or

D  []  Payment in equal installments of $ over a period of , to commence days after release from imprisonment to a term of supervision; or

E  []  Payment during the term of supervised release will commence within (e.g., 30 or 60 days) after release from imprisonment. The Court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F  [x]  Special instructions regarding the payment of criminal monetary penalties:

   **[x]  If the defendant, while incarcerated, is working in a non-UNICOR or grade 5 UNICOR job, the defendant shall pay $25.00 per quarter toward defendant's monetary obligation. If working in a grade 1-4 UNICOR job, defendant shall pay 50% of defendant's monthly pay toward defendant's monetary obligation. Any change in this schedule shall be made only by order of this Court.**

   **[x]  After the defendant is released from imprisonment, and within 60 days of the commencement of the term of supervised release, the probation officer shall recommend a revised payment schedule to the Court to satisfy any unpaid balance of the monetary penalty. The Court will enter an order establishing a schedule of payments.**

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the Clerk of the Court.

**SEE PAGE 12 FOR JOINT AND SEVERAL PAYMENTS**

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

[x]  Joint and Several (Defendant and Co-Defendant names and Case Numbers, Total Amount, Joint and Several Amount and corresponding payee, if appropriate.):

   **CAMERON GREEN CASE NO. 2:11-CR-297 AND KEVIN SIMCOX CASE NO 2:12-CR-119**

Payments shall be applied in the following order: (1) assessment; (2) restitution principal; (3) restitution interest; (4) fine principal; (5) fine interest; (6) community restitution; (7) penalties; and (8) costs, including cost of prosecution and court costs.

[] The defendant shall pay the cost of prosecution.
[] The defendant shall pay the following court cost(s):

[] The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment; (2) restitution principal; (3) restitution interest; (4) fine principal; (5) fine interest; (6) community restitution; (7) penalties; and (8) costs, including cost of prosecution and court costs.